UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELLIOTT C. MEWBORN,

    Plaintiff,

-v-

ROCHESTER ALUMINIUM SMELTING and
HUMAN RIGHTS OF ROCHESTER,

    Defendant.

**DECISION AND ORDER**
10-CV-6183T(Fe)

---

## INTRODUCTION

Plaintiff Elliott C. Mewborn filed this *pro se* action (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 3) and appointment of counsel (Docket No. 2). Plaintiff claims that the defendants, his former employer Rochester Aluminium Smelting and an organization he discussed his case with, Human Rights of Rochester, violated his constitutional rights when he was falsely accused of stealing materials, discriminated against with regard to benefits and wages and caused to work in unsafe conditions. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff addresses the Court's concerns as directed below, the complaint may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

There is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined. Therefore plaintiff's motion for appointment of counsel is denied without prejudice at this time.

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).

Plaintiff's claim that he was falsely accused of stealing materials, discriminated against with regard to benefits and wages and caused to work in unsafe conditions is subject to dismissal. A United States District Court is a court of limited jurisdiction, "empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom." *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173-80 (1803)). The issue of "[f]ederal subject matter jurisdiction may be raised at any time

during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking." *Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc.*, 850 F.2d 876, 881 (2d Cir. 1988). The allegations plaintiff has raised are so sparse that it is not possible to determine whether plaintiff states a claim over which the Court has jurisdiction. Plaintiff's complaint was filed on forms intended to file a civil complaint, but appears to be an employment discrimination action under Title VII. However, plaintiff has not attached a "right to sue" letter from the Equal Employment Opportunity Commission (EEOC).

The Supreme Court has discussed Title VII as follows:

> In Title VII, Congress set up an elaborate administrative procedure, implemented through the EEOC, that is designed to assist in the investigation of claims of racial discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation. Only after these procedures have been exhausted, and the plaintiff has obtained a "right to sue" letter from the EEOC, may he or she bring a Title VII action in Court.

*Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989).

The interests of judicial economy and the intent of Title VII would best be served by requiring plaintiff to exhaust his administrative remedies. Accordingly, this action is stayed for 90 days to permit plaintiff to continue to either pursue his claim through the EEOC, or, if he has already obtained a right to sue letter and has merely failed to inform the Court that he has a right to sue letter, to file the

letter with the Court. By **July 19, 2010**, plaintiff shall either file the right to sue letter or advise the Court of the status of his EEOC claim. **Failure to do so may result in dismissal of the plaintiff's claim**.

## CONCLUSION and ORDER

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* is granted. The motion for appointment of counsel is denied as premature. For the reasons set forth above, plaintiff's complaint may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if he does not either file the right to sue letter or advise the Court of the status of his EEOC claim as directed above by **July 19, 2010**.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT COURT

Dated: April 27, 2010